# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. VACA,<br><br>    Plaintiff,<br><br> vs.<br><br>M.D. BITER,<br><br>    Defendant | ) Case No.:1:12-cv-01223-DLB (HC)<br>)<br>) ORDER TO SHOW CAUSE WHY<br>) PETITION SHOULD NOT BE DISMISSED<br>) FOR LACK OF EXHAUSTION<br>)<br>)<br>) [Doc. 1]<br>)<br>) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 26, 2012.  On August 13, 2012, Petitioner contented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). Local Rule 305(b).

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

1

2

3

4

5

6

7

　　　A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

　　　A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

27

28

1

2
        Additionally, the petitioner must have specifically told the state court that he was raising

3
a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666,

4
669 (9th Cir.2000), amended, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th

5
Cir.1999); <u>Keating v. Hood</u>, 133 F.3d at 1241.  In <u>Duncan</u>, the United States Supreme Court

6
reiterated the rule as follows:

7
> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
> remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in

8
> order to give the State the "opportunity to pass upon and correct alleged violations of the
> prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to

9
> be given the opportunity to correct alleged violations of prisoners' federal rights, they
> must surely be alerted to the fact that the prisoners are asserting claims under the United

10
> States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a
> state court trial denied him the due process of law guaranteed by the Fourteenth

11
> Amendment, he must say so, not only in federal court, but in state court.

12
<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

13

14
> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
> claims in state court *unless he specifically indicated to that court that those claims were*

15
> *based on federal law*.  <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-988 (9th Cir. 2000).

16
> Since the Supreme Court's decision in Duncan, this court has held that the *petitioner*
> *must make the federal basis of the claim explicit either by citing federal law or in the*

17
> *decisions of federal courts, even if the federal basis is "self-evidence*," <u>Gatlin v.</u>
> <u>Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . .

18
> . (1982), or the underlying claim would be decided under state law on the same
> considerations that would control resolution of the claim on federal grounds.  <u>Hiivala v.</u>

19
> <u>Wood</u>, 195 F.3d at 1106-1107; <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-831 (9th Cir. 1996);

20
> <u>Crotts</u>, 73 F.3d at 865.
> . . . .

21
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the

22
> relevant claim is a federal one without regard to how similar the state and federal
> standards for reviewing the claim may be or how obvious the violation of federal law is.

23
<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

24
        Petitioner contends that nine claims were raised to the California Supreme Court.  (Pet.

25

26
At 6-7.)  However, his actual innocence and ineffective assistance of counsel claims were not

27
presented to the State's highest court because he was not aware of the claims until after his direct

28
appeal.  (Pet. at 9-12.)  Thus, it appears Petitioner has presented a mixed petition.  If Petitioner

has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims.  28 U.S.C. § 2254(b)(1).  The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so.  See Rose v. Lundy, 455 U.S. at 521-22.  However, Petitioner will be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims, if he so desires.

Therefore, Petitioner must inform the Court if his claims concerning his actual innocence and ineffective assistance of counsel have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty days from the date of service of this order Petitioner is directed to show cause why the petition should not be dismissed for Petitioner's failure to exhaust the state court remedies as to all of his claims, and inform the Court whether his actual innocence and ineffective assistance of counsel claims have been presented to the California Supreme Court; and

2. Petitioner is forewarned that failure to comply with this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 15, 2012**                                  /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE