# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. VACA,<br><br>        Plaintiff,<br><br>   vs.<br><br>M.D. BITER,<br><br>        Defendant | Case No.:1:12-cv-01223-DLB (HC)<br><br>ORDER REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>[Doc. 9] |

     Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on July 26, 2012.  On August 16, 2012, the Court issued an order to show cause why the petition should not be dismissed as a mixed petition.

     On September 14, 2012, Petitioner filed a motion for stay and abeyance.

## DISCUSSION

### I.    Motion for a Stay and Abeyance

     There are two different basis for a district court to stay a petition and hold it in abeyance. The first is under the three-step procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir.

2003) (hereinafter "Kelly").  Pursuant to Kelly, the petitioner initially amends the petition to delete any unexhausted claims.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-1071.)  The court then stays and holds the amended petition in abeyance and allows the petitioner to return to state court to exhaust the deleted claims.  Id.  After completion of exhaustion, the petitioner amends the petition to add the newly-exhausted claims to the original petition.  Id.

The Kelly procedure does not require a showing of good cause for the delay.  King, 564 F.3d at 1140.  The Ninth Circuit has noted, because the Kelly procedure does not leave the mixed petition pending, a petitioner proceeding under this procedure risks that he may not be able to comply with the timeliness of the deleted claims to amend back into the petition after exhaustion. A claim can only relate back to a pending federal petition only if the new claim shares a "common core of operate facts" within the claims in the pending petition.  Id. at 1141.  A new claim does not relate back to another claim simply because it arises from "the same trial, conviction, or sentence.  Mayle v. Felix, 545 U.S. 644, 662-664 (2004).

The other procedure is set forth in the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005).  Under Rhines, the unexhausted claims are not dismissed and the mixed petition remains pending in federal court while the petitioner returns to state court to exhaust.  Id. at 277. Therefore, the Rhines procedure protects the petitioner from any potential untimeliness. However, there are limitations when the petition may be stayed under Rhines.  In order to qualify for a stay under Rhines, the petitioner must (1) show good cause for his failure to exhaust all claims before filing the federal action; (2) explain how his unexhausted claim is potentially meritorious; (3) indicate the status of any pending state court proceedings regarding the unexhausted claim; and (4) there must be no indication that the petitioner engaged in intentionally dilatory litigation tactics.  Id. at 277-278.

Petitioner has indicated that he intends to return to state court in order to fully exhaust Grounds One and Two. Petitioner does not provide any basis for finding that he had good cause for failing to exhaust state court remedies as to his unexhausted claims. Petitioner merely contends in vague terms that he was not aware of the claims until after direct review concluded; however, Petitioner does not provide any specific details as to when he became aware of the claims nor does he provide any basis as to why he could not have raised them by way of collateral review prior to filing in this Court. Therefore, Petitioner is not entitled to a stay under Rhines.

However, Petitioner will be given the opportunity to withdraw all the unexhausted claims from the petition and have the remaining petition containing only full exhausted claims stayed pending exhaustion of the other claims in state court. In lieu of staying the petition, Petitioner may opt to withdraw the unexhausted claims and proceed only with the exhausted claims or the entire petition is subject to dismissal as a mixed petition.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. The order to show cause issued August 16, 2012, is DISCHARGED;

2. Petitioner's motion for stay of the instant petition pursuant to Rhines v. Weber is DENIED;

3. Petitioner is granted thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims and to seek a stay of the fully exhausted petition, or indicate that he desires to delete the unexhausted claims and proceed only on the exhausted claims;

4. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the entire petition without prejudice; and

5.      Failure to comply with this order will result in dismissal of the action.  Local Rule 110.

IT IS SO ORDERED.

   Dated:   **September 28, 2012**                    /s/ *Dennis L. Beck*
                                                               UNITED STATES MAGISTRATE JUDGE